12th Court Appeals
Clerk Cathy S. Lusk
1517 West Front Street
Suite 354
Tyler, TX 75702
(4-10-15)

Jimmy Mosley Jr.
#1954147
Connally Unit
899 FM 632
Kenedy TX. 78119

FILED IN COURT OF APPEALS
12th Court of Appeals District

APR 14 2015

TYLER TEXAS
CATHY S. LUSK, CLERK

RE: Case No. 12-14-00305-CR
TRIAL COURT CASE No. 18,611

STYLE: JIMMY DESHAWN MOSLEY JR. V. THE STATE OF TEXAS

DEAR CLERK,

Please File my single Pro se Appellants Brief As well As motion to File Less Copies brief. THANK You In THIS matter. Please Note THAT APPELLATE New Address is up Above And Down below.

Sincerely
Jimmy Mosley Jr.
4-10-15

New Address
Jimmy Mosley Jr.
#1954147
Connally Unit
899 FM 632
Kenedy TX. 78119

Cover Letter

CAUSE NO. 12-14-00305-CR
TRIAL CASE NO. 18,611

IN THE 12TH COURT OF APPEALS OF
TEXAS



FILED IN COURT OF APPEALS
12th Court of Appeals District

APR 14 2015

TYLER TEXAS
CATHY S. LUSK

JIMMY DESHAWN MOSLEY, JR.
APPELLANT

VS.

THE STATE OF TEXAS
APPELLEE

HONORABLE DWIGHT PHIFER,
JUDGE PRESIDING

2nd JUDICIAL DISTRICT COURT, CHEROKEE
COUNTY, TEXAS

APPELLANT'S PRO, SE BRIEF

PARTIES:

JIMMY DESHAWN MOSLEY JR
#1954197          PRO, SE
CONNALLY UNIT
899 FM 632
KENEDY TX 78119

APPELLANT

STATE OF TEXAS

RACHEL PATTON
CHEROKEE CTY. DIST. ATTY. OFF.
135 S. MAIN
RUSK. TEXAS 75766
903-683-2573 ;
FAX 903-683-2309

(1)

## PARTIES

APPELLANT:
Jimmy Deshawn Mosley Jr.
#1954147
Connally Unit
899 FM 632
Kenedy TX 78119

THE STATE

Cherokee County Dist.
Atty's Rusk, Texas 75785

(2)

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| IDENTITY OF THE PARTIES | 2 |
| CONStitutions, Codes, And Statutes And INDEX OF AuthoRities | 4 |
| STATEMENT OF THE CASE | 5 |
| ISSUE PResented | 6 |
| STATEMENT OF FACTS | 6-8 |
| PRAYER | 8 |
| CeRtificate of SeRVICE | 8 |

EXHibit A" ATTACH

(1) motion to WithDRAW APPEllant CounSEL
(2) AnDen's brief Filed
(3) APPEllant Atty. Sent APPEllant CleRks ReCoRD, CouRt RePoRter ReCoRD      9

ART. 26.05 (g)                      7, 8

ART. 1.051 (c)                      6

## INDEX OF AUTHORITIES

CAIN V. STATE, NO; 10-11-00045-CR., AT N.11 2011 WL 4837723 (TEX. APP. WACO. OCT. 12, 2011 NO PET. H (MEM. OP; NOT DESIGNATED FOR PUBLICATIONS    7

CATES V. STATE ___ S.W. 3d ___ (TEX. CRIM. APP. 2013) (NO. PD-0861-12; 6-26-13)    8

MAYER V. STATE 309 S.W. 3d 552, 555 (TEX. CRIM. APP. 2010)    7

MARIN V. STATE 891 S.W. 2d 267, 272 (TEX. CRIM. APP. 1994)    6

# STATEMENT OF THE CASE

ON OCTOBER 20, 2012, APPELLANT, JIMMY DESHAWN MOSLEY JR. WAS ARRESTED FOR CAPITAL MURDER. (C.C.R. PG. 5) PENDING THE TRIAL, COUNSEL FOR APPELLANT FILED A MOTION TO FIND ARTICLE 37.071, SECTION 2(b)(1) UNCONSTITUTIONAL ("FUTURE DANGER") AND A MOTION TO DECLARE SECTION 19.02 - 19.03 TEXAS PENAL CODE UNCONSTITUTIONAL (C.C.R. PG. 89-101, 103-113) AFTER A HEARING, THE TRIAL COURT DENIED BOTH MOTIONS. C.C.R. PG. 102-114). ON SEPTEMBER 22, 2014, APPELLANT ENTERED A GUILTY PLEA TO THE OFFENSE OF CAPITAL MURDER. C.C.R. PG. 129-130) THE PUNISHMENT RECOMMENDATION FROM THE STATE WAS THAT APPELLANT SERVE LIFE IN THE TEXAS DEPARTMENT CRIMINAL JUSTICE WITHOUT THE POSSIBILITY OF PAROLE; AND IN EXCHANGE FOR DEFENDANT'S PLEA OF GUILTY THE STATE WOULD NOT PURSUE THE DEATH PENALTY. (C.C.R. PG. 129-12-30) AS A CONDITION OF THE APPELLANT'S PLEA, HE ALSO SIGNED THE TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL, INDICATING THAT DOES HAVE A RIGHT TO APPEAL MATTERS RAISED BY WRITTEN MOTION FILED AND RULED ON BEFORE TRIAL AND NOT WITHDRAWN OR WAIVED. (C.C.R. PG. 136-137) APPELLATE COUNSEL FILED MOTION FOR A NEW TRIAL AND MOTION IN ARREST OF JUDGMENT AND AN AMENDED NOTICE OF APPEAL (C.C.R. PG. 141-148) TRIAL JUDGE SIGNED AN ORDER ON THE 10th DAY OF OCTOBER, 2014 APPOINTING COUNSEL ON APPEAL JONATHAN HUGH RICHEY AND DECLARED THAT THE ACCUSED IS INDIGENT AND IS TOO POOR TO RETAIN AN ATTORNEY ON APPEAL (C.R. PG. 144) AN ORDER TO WITHHOLD FUNDS ON HIS TRUST-FUND ACCOUNT IN TEXAS DEPARTMENT OF CRIMINAL JUSTICE OF THE AMOUNT OF $2,296.97 PLUS ATTORNEY'S FEES IN THE AMOUNT OF $31,629.00 see. (C.C.R. PG. 140) AN ADDITIONAL AMOUNT OF $1,142.22 OF COURT COST SEE. JUDGMENT (C.C.R. 138) APPELLANT COUNSEL FILES AN MOTION TO WITHDRAW AND FILES AN ANDERS BRIEF AND SAID THERE'S NO GROUNDS ON APPEAL SEE. EXHIBIT "A" ATTACH. HE BRINGS THIS TIMELY PRO, SE BRIEF

(5)

## ISSUE PRESENTED NUMBER ONE

The trial court has incorrectly required the Appellant to pay court appointed Attorney Fees as well Fees As costs of court when he has previously been found indigent by the trial court and there is no subsequent evidence offered by the state of finding by the trial court otherwise.

## STATEMENT OF FACTS

On September 22, 2014. Appellant entered a guilty plea to the offense of capital murder (C.C.R. pg. 129-130) He was given a life sentence in exchange for his plea and the state would not pursue the death penalty (C.C.R. pg. 129-12-30) He was given permission to Appeal. He also signed the trial court's certification of defendants right of appeal. Indicating that does have a right to appeal matters raised by written motion filed and ruled on before trial and not withdrawn or waived (C.C.R. pg. 136-137) An amended notice of appeal was filed (C.R. pg. 141-148). Trial Judge signed an order on the 10th day of october 2014 Appointing counsel on appeal Jonathan Hugh Richey and declared that the accused is indigent and is too poor to retain an attorney on appeal (C.C.R. pg 144). An order to with hold funds on his trust-fund account in Texas Department of criminal Justice of the amount of $2,296.97 plus Attorney's fees in the amount of $31,624.00 see. (C.C.R. pg 140) An additional amount of $1,142.22 of court cost see. Judgment (C.C.R. 138) Appellant Attorney sent him the clerk's record and the court reporter record for free because of, his status of being too poor. see. (Exhibit A) Attach. It's quite clear that Trial Attorney was appointed by the trial Judge under. Article 1.051 (c) Also see case. MARIN V. STATE 891. S.W.2d 267, 272 (Tex. Crim. App. 1994); Also see. Clerk record page 8-9 (order appointing trial counsel)

(6)

BASED ON THE RECORD THE TRIAL COURT ERRED TO MAKE APPELLANT TO PAY COURT COST AND ATTORNEY'S FEES WITHOUT SHOWING ANY EVIDENCE THAT HIS POOR STATUS HAS CHANGE. WHEN THE TRIAL COURT WAS ON NOTICED WITH THE SIGNED ORDER THAT HE WAS TOO POOR TO PAY FOR AN APPELLANT COUNSEL AND APPOINTTED HIM AN TRIAL ATTORNEY. THIS HONORABLE COURT GAVE AN ORDER TO THE TRIAL COURT TO RECEIVE THE CLERKS RECORD AND REPORTER RECORD ON MARCH 18TH OF 2015 SEE. EXHIBIT "A" ATTACH. UNDER ARTICLE 26.05 (9) OF THE TEXAS CODE OF CRIMINAL PROCEDURE. PROVIDES THAT "IF THE COURT DETERMINES THAT A DEFENDANT HAS FINANCIAL RESOURCES THAT ENABLE HIM TO OFFSET IN PART OR IN WHOLE THE COSTS OF THE LEGAL SERVICES PROVIDED, INCLUDING ANY EXPENSES AND COSTS THE COURT SHALL ORDER THE DEFENDANT TO PAY DURING THE PENDENCY OF THE CHARGES OR, IF CONVICTED. AS COURT COSTS THE AMOUNT THAT IT FINDS THE DEFENDANT IS ABLE TO PAY. THE TRIAL COURT IN THIS CASE FOUND THE APPELLANT TO BE INDIGENT AND APPOINTED COUNSEL TO REPRESENT HIM. THE STATE HAS OFFERED NO "EVIDENCE" THAT THE FINANCIAL CONDITION OF THE APPELLANT HAS CHANGED AND THE TRIAL COURT HAS MADE NO SUCH FINDINGS.

IN MAYER V. STATE 309 S.W. 3d. 552, 555 (TEX. CRIM. APP. 2010) "THE COURT OF CRIMINAL APPEALS UPHELD THE FINDINGS BY THE AMARILLO COURT OF APPEALS THAT WHEN THERE IS AN ABSENCE OF EVIDENCE TO DEMONSTRATE THAT AT THE CONCLUSION OF THE TRIAL APPELLANT WAS ABLE TO PAY OR HAD FINANCIAL RESOURCES THAT WOULD ENABLE APPELLANT TO OFFSET, IN PART OR IN WHOLE THE COSTS OF THE LEGAL SERVICES PROVIDED TO HIM. "WITHOUT EVIDENCE" TO DEMONSTRATE APPELLATE FINANCIAL RESOURCES TO OFFSET THE COST OF THE LEGAL SERVICES THE TRIAL COURT ERRED IN ORDERING REIMBURSEMENT OF COURT COST.

ALSO SEE. CAIN V. STATE, NO; 10-11-00045-CR., AT 4.11 2011 WL 983 7723 (TEX. APP.-WACO OCT. 12, 2011 NO PET. H C MEM. OP., NOT DESIGNATED FOR PUBLICATIONS.

(7)

Also see case Cates v. State ___ S.W. 3d ___
( Tex. crim. APP. 2013 ) ( No. PD -0861 -12 ; 6 -26 -13 ).

"Article 26.05 (9) requires a present determination of financial resources and does not allow speculation about possible future resources. The Court of Appeals reasoning that there may, in the future, be funds in [D's] inmate trust account and that such funds could be used during his incarceration to re-pay expenses of his court-appointed counsel was flawed."

## PRAYER

Appellant prays that relief be granted to waive the court cost and attorney fee's when the record showed that the state did not put up evidence to show his status of being poor has change. And if granted he prays that such order be sent to the Texas department trust fund account as well as to the trial court so he prays.

## Certificate of service

On this day of __4-10-__ 2015 I sent this only single brief to the Hon. court 12th of appeals by mail to 1517 West front street suite 354 Tyler TX. 75702 from the Connally unit 899 Fm 632 Kenedy TX. 78119.

sincerely
submitted

_Jerry mosley_

4-10-15

# EXHIBIT "A"
## ATTACH

(1) motion to with draw

(2) ADoer's brief Filed.

(3) Appellant Attorney sent, Him the clerks record / court reporter record.

(4) order entered by the Twelfth Court of Appeals on March 18, 2015 to receive the Designations of the clerks record And court reporter record.



CHIEF JUSTICE
JAMES T. WORTHEN

JUSTICES
BRIAN HOYLE
GREG NEELEY

**TWELFTH COURT OF APPEALS**

CLERK
CATHY S. LUSK

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

February 24, 2015

Jimmy DeShawn Mosley Jr.
#1954147
Byrd Unit
21 FM 247
Huntsville, TX 77320

Mr. Jonathan H. Richey
215 East Commerce
2nd Floor
Jacksonville, TX 75766
* DELIVERED VIA E-MAIL *

Ms. Rachel L. Patton
District Attorney
P.O. Box 450
Rusk, TX 75785
* DELIVERED VIA E-MAIL *

**RE:**   Case Number:              12-14-00305-CR
          Trial Court Case Number:   18,611

**Style:**   Jimmy DeShawn Mosley, Jr.
             v.
             The State of Texas

Appellant's Motion to Withdraw Attorney has this day been received and filed in the above-referenced case.


Very truly yours,

CATHY S. LUSK, CLERK

By: _Katrina McClenny_
    Katrina McClenny, Chief Deputy Clerk


Marvin J. Angle, Partner
Steven R. Guy, Partner
D. Brett Brewer, Partner
Jonathan H. Richey, Associate

Summers A. Norman
(1905-1986)

February 24, 2015

Jimmy Deshawn Mosley, Jr.
#1954147
Connally Unit
899 FM 632
Kenedy, TX 78119

Re:    Court of Appeals No:12-14-00305-CR, State of Texas v. Jimmy Deshawn Mosley, Jr.

Dear Mr. Mosley,

Please find enclosed my Motion to Withdraw as your attorney as well as the Brief in support of such withdrawal. After a careful review of the record, I was unable to find any error that would entitle you to a new trial. For that reason, I have moved to withdraw as your lawyer. The rules require this. The Motion to Withdraw is supported by a brief. If you do not agree with this brief, you may file your own brief by writing a letter to the 12th Court of Appeals, telling the Court why you did not get a fair trial. This should be done as soon as possible. No particular format is necessary. Address your letter to : ATTENTION: CLERK OF THE COURT, TWELFTH COURT OF APPEALS, 1517 West Front Street Suite 354, Tyler, Texas 75702. In your letter, be sure to reference the appellate court case number. The Clerk will provide you with a deadline. I am enclosing another copy of both the Clerk's Record and the Reporter's Record to assist you in your review of your file.

The Court of Appeals is required to do an independent review of the record so that it can determine whether there are any grounds for appeal. You will have thirty days to file your own brief and bring to the Court's attention any matter you believe is important when they consider your conviction. The deadline by which you must file your own brief will be provided by the Court, and you will receive that information directly from the Court of Appeals, in the event you write a letter as instructed in the paragraph above. If the decision of the Court of Appeals is unfavorable to you, you may file an appeal with the Court of Criminal Appeals after the Court of Appeals decides your case. I have not been appointed to represent you in that appeal. To file a Petition for Discretionary Review, you must mail it on or before the 30th day after the Court of Appeals issues it's opinion. The Petition should be mailed to the Clerk of the Court, Twelfth Court of Appeals, 1517 West Front Street, Suite 354, Tyler, Texas 75702.

Please be advised that you are entitled to review the appellate record to assist you in preparing your own brief. That is why I am forwarding you both the trial transcript completed by the Court Reporter and the Clerks Record maintained by the district clerk's office.

Until the Court decides tat I am no longer your attorney, I will do my very best to provide you with

**Est. 1898**

**Norman, Angle, Guy & Brewer, L.L.P.**
215 East Commerce, 2nd Floor  •  Jacksonville, Texas 75766  •  903.586.2595  •  Fax: 903.586.0524
www.normanlawfirm.com

information that may assist you.  Please let me know if there is anything that I may do

Sincerely,

Jonathan Richey

Enclosure:



CHIEF JUSTICE
JAMES T. WORTHEN

CLERK
CATHY S. LUSK

## TWELFTH COURT OF APPEALS

JUSTICES
BRIAN HOYLE
GREG NEELEY

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

March 18, 2015

Dwight L. Phifer
2nd District Court
Courthouse
502 N. Main Street
Rusk, TX 75785
* DELIVERED VIA E-MAIL *

**RE:**    Case Number:              12-14-00305-CR
          Trial Court Case Number:   18,611

**Style:**   Jimmy DeShawn Mosley, Jr.
            v.
            The State of Texas

You are hereby notified that in the above styled and numbered case, the attached order was this day made and entered.

Very truly yours,

CATHY S. LUSK, CLERK

By: _Katrina McClenny_
     Katrina McClenny, Chief Deputy Clerk

CC: ✓ Jimmy DeShawn Mosley Jr.
       Ms. Janet Gates (DELIVERED VIA E-MAIL)
       Mr. Jonathan H. Richey (DELIVERED VIA E-MAIL)
       Ms. Rachel L. Patton (DELIVERED VIA E-MAIL)